IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STEVEN McMILLEN, SR., ) | | |
| Register No. 506657, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 04-4192-CV-C-NKL | |
| ) | | |
| DR. LAMOUR, ) | | |
| ) | | |
| Defendant. ) | | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Before the court is plaintiff's motion of June 23, 2005, requesting a protective order as to his medical records and further requesting that his medical files be stricken from the record of this case. Plaintiff argues that Dr. Lamour, who has entered his appearance via Correctional Medical Service (CMS) counsel, John Treu, has improperly put plaintiff's medical files in the record, via the June 13, 2005, summary judgment filed with the court. Plaintiff alleges that because Dr. Lamour no longer works for CMS, he should not have access to plaintiff's medical records.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994).

Upon consideration, the court finds that plaintiff's complaint is premised entirely upon allegations of denial of medical treatment by Dr. Lamour, formerly employed by CMS; thus, plaintiff, via his complaint, has put his medical records at issue in this case. Plaintiff cannot file a denial of medical treatment claims against defendant Dr. Lamour and expect that his medical records will not be at issue in the case. Moreover, the court notes that defendant Dr. Lamour is represented by legal counsel for CMS and is actually the doctor who generated many of the medical records at issue. The court, therefore, finds that defendant Dr. Lamour's access to plaintiff's medical files, which are the basis for this lawsuit against defendant Lamour, is proper and fails to impose any type of irreparable harm to plaintiff. The court further notes that plaintiff's medical records were filed in paper form only and were not filed on the court's electronic filing system.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for protective order and motion to strike his medical files from the record be denied [36].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 28th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge